## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE,
     Plaintiff,
vs.

PARKER GREENFIELD, LLC and
BAYVIEW HOSPITALITY GROUP LLC,
     Defendants.

### COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against Defendants, PARKER GREENFIELD, LLC and BAYVIEW HOSPITALITY GROUP LLC (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     Plaintiff currently resides in the Bronx, New York.

3.     Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, **has difficulty pinching and grasping with his hands**, and is a qualified individual with disabilities under the ADA.

4.     Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied

1

and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5.      Defendant, PARKER GREENFIELD, LLC, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 42-07 BELL BLVD., QUEENS, NY 11361 where the restaurant known as THE LAZY COW is located (the "Facility").

6.      Defendant, BAYVIEW HOSPITALITY GROUP LLC transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 42-07 BELL BLVD., QUEENS, NY 11361 and the owner and/or operator of a restaurant known as THE LAZY COW (the "Facility").

7.      The Facility is a place of public accommodation under the ADA.

8.      Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9.      The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10.     The removal of the alleged barriers can be accomplished without much difficulty or expense.

11.     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

12.     Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13.     Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein.  However, his access to the Facility continues to be denied and/or substantially limited.  His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14.     Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15.     Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs.  A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

### I. The Entrance:

#### Main Entrances -

- The main entrance is inaccessible as there is a non-compliant change in floor level with no ramp and not enough maneuvering space between the 2 entrance doors within the vestibule in violation of violation of ADAAG 206, 207 and 402.

- The entrance through the open storefront is also not accessible as there are tables at both the inside and outside of that entrance in violation of ADAAG 206, 207 and 402.

### II.     Seating

- Dining tables located at outside dining area are inaccessible as they do not provide the minimum knee and toe clearance in violation of ADAAG 226, 902.1, 902.2, 306.2, 306.2.5, 306.3 and 306.3.5.

- Dining tables provided at inside dining area are inaccessible as they are too high in violation of AAAG 226.1, 902.1, 902.2 and 902.3.  Also, they do not provide adequate knee and toe clearance in violation of ADAAG 226, 902.1, 902.2, 306.2, 306.2.5, 306.3 and 306.3.5.

- The bar is inaccessible as it is too high and does not provide adequate clear floor space, toe clearance, depth, knee clearance and width in violation of ADAAG 226.1, 902.1, 902.3, 306.2, 306.2.3 and 306.2.5 and 306.3.5.

### III.        Inaccessible Outdoor Back Dining Area

- There are steps at the path of travel to the covered back exterior dining area in violation of ADAAG 206, 402 and 403, and there are no handrails in violation of 206, 402, 405 and 505.

- The doorway leading to the outdoor area does not provide enough maneuvering clearance in violation of ADAAG 206, 402 and 404.

- The bar is inaccessible as it is too high and does not provide adequate clear floor space, toe clearance, depth, knee clearance and width in violation of ADAAG 226.1, 902.1, 902.3, 306.2, 306.2.3 and 306.2.5 and 306.3.5.

### IV.        Inaccessible Restrooms

There is no accessible restroom provided.

Restroom 1

- The restroom does not provide the minimum maneuvering clearance in violation of ADAAG 604.

- Compliant grab bars are not provided in two compartments and are not of compliant in violation of ADAAG 604.5 and 604.3.1.

- The sink is inaccessible as they do not provide the required minimum knee clearance in violation of 606, 606.2 306.3, 306.3.3 and 306.3.5.

- The mirror is mounted too high in violation of ADAAG 606.3.

- The coat hook is mu0nted too high in violation of ADAAG 604.

Restroom 2:

- The restroom does not provide the minimum maneuvering clearance in violation of ADAAG 604.

- Compliant grab bars are not provided in two compartments and are not of compliant in violation of ADAAG 604.5 and 604.3.1.

- The sink is inaccessible as they do not provide the required minimum knee clearance in violation of 606, 606.2 306.3, 306.3.3 and 306.3.5.

- The mirror is mounted too high in violation of ADAAG 606.3.
- The coat hook is mu0nted too high in violation of ADAAG 604.
- The door lock is non-compliant as it requires twisting of the wrist in violation of ADAAG 404 and 309.

**16.** The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA violations.**

**17.** The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

**18.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

**19.** The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

**20.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA,

closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: <u>July 13, 2022</u>

Respectfully submitted,

<u>*s/ Jennifer E. Tucek, Esq.*</u>
Law Office of Jennifer Tucek, PC
*Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com

6